

# The Attorney General of Texas

May 8, 1986

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Mark W. Stiles
Chairman
Budget and Oversight Committee
Texas House of Representatives
P.O. Box 2910
Austin, Texas    73769

Opinion No.   JM-490

Re:    Whether a school district
may expend funds to employ cros-
sing guards at intersections
which do not abut school dis-
trict property

Dear Representative Stiles:

You ask whether an independent school district may expend school
funds to employ crossing guards to assist students at intersections
that do not abut school district premises.

The Education Code describes the expenditures that may be made
out of local school funds:

> Local school funds from district taxes, tuition
> fees of pupils not entitled to free tuition and
> other local sources may be used for the purposes
> enumerated for state and county funds and for pur-
> chasing appliances and supplies, for the payment of
> insurance premiums, janitors and other employees,
> for buying school sites, buying, building and
> repairing and renting school houses, and for other
> purposes necessary in the conduct of the public
> schools to be determined by the board of trustees,
> the accounts and vouchers for county districts to be
> approved by the county superintendent; provided,
> that when the state available school fund in any
> city or district is sufficient to maintain the
> schools thereof in any year for at least eight
> months, and leave a surplus, such surplus may be
> expended for the purposes mentioned herein.
> (Emphasis added).

Educ. Code §20.48(c).  Your question assumes that crossing guards at
intersections that abut public school premises are "necessary in the
conduct of the public schools."  We think you are correct in that
assumption, but we perceive no basis for concluding that crossing
guards are only necessary at intersections that actually abut school
premises.  An expenditure of school funds for a cafeteria has been
held to be proper because a cafeteria may be necessary for the welfare
of students.  Bozeman v. Morrow, 34 S.W.2d 654, 656-57 (Tex. Civ. App.

- El Paso 1931, no writ). We think that crossing guards might be equally necessary for the welfare of students. Of course, determining whether and where crossing guards are necessary is a matter for the discretion of school boards. <u>See</u> Attorney General Opinion H-133 (1973).

It has been suggested that <u>El Paso County Community College District v. City of El Paso</u>, 698 S.W.2d 248, 252 (Tex. App. - Austin 1985, writ granted), may stand for the proposition that a school district may not expend funds for crossing guards. The holding of that case is that an independent school district is not a "political subdivision" within the meaning of a constitutional provision governing tax increment financing. The court supported its holding by pointing out that if a school district were a political subdivision for purposes of tax increment financing, school funds could be spent for a project to be paid for through tax increment financing even though the project had no educational purpose. The court did not consider the question of whether any particular use of funds was for school purposes. The court merely noted that it was undisputed that the tax increment financing plan in question, which called for improvement of city parking facilities and rerouting of city streets, would enhance no educational facility and involved no educational purpose. In other words, the only relevance of the case to your question is that it recited the well-established rule that school funds may be used only for school purposes.

S U M M A R Y

School district funds may be used to pay for crossing guards. Determining where crossing guards are necessary is a matter within the discretion of school boards.

Very truly yours

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Sarah Woelk
Assistant Attorney General